# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MINDY OLSON,

      Plaintiff,

v.                                                Case No. 09-C-823

MICHAEL SAX, and
GOODWILL INDUSTRIES
OF SOUTHEASTERN WISCONSIN,

      Defendants.

## DECISION AND ORDER

      This civil action was filed by Plaintiff Mindy Olson ("Olson") on August 26, 2009, against the Defendants, Michael Sax ("Sax"), and her former employer, Defendant Goodwill Industries of Southeastern Wisconsin ("Goodwill") (collectively the "Defendants"). Olson alleges that Goodwill violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), by discriminating against her based on gender and pregnancy when it terminated her employment on July 31, 2008, based on the accusation that Olson had filed out false credit slips. She also alleges supplemental state law claims for false imprisonment and conversion.

      The matter is before the Court on Olson's ("Olson") motion for sanctions pursuant to Federal Rule of Civil Procedure 37, based on the Defendants' spoilation of evidence. The motion arises from the Defendants' failure to preserve a July 22, 2008, video tape recording of Olson's alleged theft of property from Goodwill.

In invoking the Defendants' duty to preserve evidence, Olson relies upon her July 31, 2008, request to see the videotape, and her attorney's request for production and interrogatories in this action that sought the July 22, 2008, security recording for the Goodwill Store located at 11000 West Oklahoma Avenue in West Allis, Wisconsin. (The date of that the request for production and interrogatories was served upon the Defendants has not been provided. However, the Defendants' response to those discovery requests is dated March 18, 2010.) Olson seeks an order barring the Defendants from producing any evidence of the alleged theft and an award of expenses incurred in bringing her motion, unless the Defendants can show good cause for having destroyed the evidence.

The Defendants oppose the motion indicating that sanctions may not be imposed under Rule 37(e), where electronically stored evidence is lost as the result of routine, good faith operation of an electronic information system. The Defendants assert that they were first alerted to the possibility of litigation regarding the termination of Olson's employment by a letter that they received from Olson's attorney on February 24, 2009. The Defendants indicate that the video recording was created using a digital video recorder that places surveillance footage on a 500 gigabyte hard drive that holds about 29 days of video and essentially records in a loop. (Neese Decl. ¶¶ 2-3). Once the hard drive is full, it records over the oldest footage. (*Id*. at ¶¶ 2-3.) Thus, the Defendants maintain that recorded events of July 22, 2008, would have been recorded over about August 20, 2008.

The Defendants assert that the subject video recording was recorded over as a part of Goodwill's routine good faith operation of its video electronic system – a system that

is in place at all Goodwill retail stores and is commonly used throughout the retail industry. (*See id.* at ¶ 4). The Defendants contend that sanctions should not be imposed because the video recording was recorded over long before they knew that any litigation would be arising out of the termination of Olson's employment and that, because the motion is baseless, they should be awarded attorneys' fees and expenses incurred in responding to the motion.

"Sanctions may be imposed when a party persistently fails to comply with a discovery order, *see Ladien, M.D. v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997), and "displays wilfulness, bad faith or fault" in doing so. *Philips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992) (citing *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179 (7th Cir. 1987))." *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 719 (7th Cir. 2001). "Absent exceptional circumstances, a court may not impose sanctions under [the Federal Rules of Civil Procedure] on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." Fed. R. Civ. P. 37(e).[1]

In making a determination regarding spoliation sanctions, the Court looks to whether the destruction of evidence was done in bad faith. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). "Such a showing is a prerequisite to imposing sanctions for the destruction of evidence." *Id.* It is not enough to show that

---

[1] However, "[t]he rules do not state the limits of judicial power . . . [j]udges retain authority, long predating the Rules of Civil Procedure." *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 n.4 (7th Cir. 1997) (citation omitted). *See also, Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

3

evidence was destroyed intentionally; " 'bad faith' means destruction for the purpose of hiding adverse information." *See id*.

"An employer's destruction of or inability to produce a document, standing alone, does not warrant an inference that the document, if produced, would have contained information adverse to the employer's case." *Park v. City of Chi.*, 297 F.3d 606, 615 (7th Cir. 2002). Rather, in order to draw an inference that destroyed evidence contained adverse information, "[the court] must find that the party intentionally destroyed the documents in bad faith." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008); *see also Trask-Morton*, 534 F.3d at 681. The crucial element is not that evidence was destroyed; but, rather the reason for the destruction. *Faas*, 532 F.3d at 644. Furthermore, "courts have found a spoliation sanction to be proper only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Trask-Morton*, 543 F.3d at 681 (citing *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) and *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001)).

The earliest date that the Defendants were aware of the possibility that Olson would bring an employment discrimination action against them is disputed. However, a letter dated August 11, 2008, from Goodwill's counsel to Olson raised the possibility that Goodwill would pursue a civil action against her. (Gruhl Aff. ¶ 2, Ex. 1.) Furthermore, by letter dated August 26, 2008, Goodwill responded to a "recent" letter from Olson's attorney that had requested facts regarding Goodwill's retail theft claim. (*Id*. at ¶ 5, Ex. 2). Thus, by August 11, 2008, Goodwill was aware that it might be engaged in litigation with Olson. As of that

4

date, the video recording had not been overwritten and Goodwill had a duty to preserve the evidence.

Nonetheless, the only evidence before the Court indicates that the recording over of the video record from July 22, 2008, was part of Goodwill's routine good faith operation of its video system. There is no evidence that Goodwill engaged in the "bad faith" destruction of evidence for the purpose of hiding adverse evidence. *See Trask-Morton*, 543 F.3d at 681. Therefore, pursuant to Rule 37(e) of the Federal Rules of Civil Procedure, the Court denies Olson's motion for sanctions. Neither party is awarded the fees and expenses incurred with respect to the motion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Olson's motion for sanctions (Docket No. 14) is **DENIED**.

Dated at Milwaukee, Wisconsin this 25th day of June, 2010.

                          **BY THE COURT**

                          *s/ Rudolph T. Randa*
                          _____
                          **Hon. Rudolph T. Randa**
                          **U.S. District Judge**